UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NEW EXCAVATING TECHNOLOGY, INC. and RECYCLED WATER TECHNOLOGIES, INC., <br><br>　　　　Plaintiffs, <br><br>　　v. <br><br>LOVE'S TRAVEL STOPS & COUNTRY STORES, INC., <br><br>　　　　Defendant. | ) ) ) ) ) ) ) ) No.  3:25 C 50422 ) ) Judge Rebecca R. Pallmeyer ) ) ) ) |

## MEMORANDUM ORDER

　　Plaintiffs New Excavating Technology, Inc. ("NET") and Recycled Water Technologies, Inc. ("RWT"), filed this action against Defendant Love's Travel Stops & Country Stores, Inc. ("Love's"). Plaintiffs allege that NET entered into a multi-million-dollar contract to construct a wastewater treatment facility for Love's at a location in Monroe Center, Illinois.  After Plaintiffs had engaged in significant and costly performance, Love's allegedly reneged on that contract. Plaintiffs allege breach of contract (Count I); breach of an implied contract (Count II); unjust enrichment (Count III); and promissory estoppel (Count IV).

　　The case was filed in the Central District of Illinois but, as Monroe Center is in the Northern District of Illinois, the court transferred the case here in September 2025.  Several motions are pending:  Defendant has moved to dismiss [22], arguing that the parties have not established standing.  Love's has also filed a motion for summary judgment [38], arguing that the document Plaintiffs invoke as a contract is in fact nothing more than an unenforceable proposal.  The motion is so obviously meritorious, Love's asserts, that the court should stay discovery pending a ruling [39].  Plaintiffs insist they do need discovery in order to respond; they have moved to compel responses and witness testimony to which they claim Love's agreed (through predecessor counsel) months ago [43].  For example, they seek information concerning the authority possessed by Roger Patterson, an agent of Love's who signed the document (a proposal, according to Love's) in dispute.  And they seek an extension of the time in which to respond to the summary judgment motion [46].

　　The motion to dismiss requires only brief discussion.  Plaintiff NET has alleged that it entered into an agreement with Love's.  The allegations in Count I are sufficient to establish NET's claim and alleged injury.  Counts II, III, and IV, for implied contract, unjust enrichment, and promissory estoppel, are alternative theories of relief, should the court conclude that the parties did not enter into a contract.  What is less clear is RWT's right to recovery.  Plaintiffs have not alleged that RWT was a party to the alleged contract.  They do allege that RWT performed substantial services on the wastewater treatment project, but it is not clear to the court that RWT had any communications with Love's about those services, that Love's was otherwise aware of the services, or that RWT was anything other than a subcontractor for NET—meaning that NET may be liable to RWT for those services, but Love's is not.  The court therefore grants the motion the motion to dismiss in part and denies it in part: Claims brought by RWT are dismissed without prejudice to re-pleading.  The motion is otherwise denied.

On October 16, the court heard oral argument on the Plaintiff's motions to compel discovery and for an extension of the briefing schedule. For reasons more fully explained on the record, those motions are resolved as follows:

Defendant's motion for a stay of discovery pending a ruling on summary judgment [39] is denied. The court directed the parties to proceed with a deposition of Defendant's corporate representative, for matters not privileged, that of Love's counsel. As explained more fully on the record, Love's objections to Plaintiffs' list of Rule 30(b)(6) subjects are sustained in part and overruled in part. Plaintiffs will be free to question the Rule 30(b)(6) witnesses on the following topics:

(1) Defendant's contracting practices related to construction of wastewater treatment plans at new facilities during the relevant time period;

(2) Roger Patterson's authority to negotiate, make proposals, and enter into contracts on behalf of Love's;

(3) negotiations prior to Mr. Patterson's signing the proposal;

(4) Defendant's awareness of Plaintiff's performance on the alleged contract;

(5) the timing of communications with any substitute contractor, and identity of those involved in the communications concerning the substitute contractor's work(but not price terms);

(6) Defendant's policies and procedures for installation and oversight of wastewater treatment plants at new facilities;

(7) agreements with subcontractors or other vendors relating to construction of a wastewater treatment plant at the Monroe Center;

(8) Defendant's management structure related to that construction;

(9) policies and procedures for entering into agreements related to the construction of wastewater treatment plants at new facilities.

Subject to the availability of witnesses, depositions shall be completed within 21 days. Response to the summary judgment motion will be due December 8, 2025; reply on December 23, 2025.

ENTER:

Dated: October 21, 2025

_____
REBECCA R. PALLMEYER
United States District Judge